IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KADEJAH TOWNES and PATRINA FINLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:23-cv-02672-TLP-atc ) |
| | ) JURY DEMAND |
| CITY OF MEMPHIS, et al., | ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs Kadejah Townes and Patrina Finley sued Defendants City of Memphis ("City"), Mike Rallings, Alexis Brown, Demetrius Haley, Trevor Pulliam, and Marcus Collins[1] for civil rights violations and emotional distress based on a traffic stop and arrest. Defendants now individually move to dismiss. (*See* ECF Nos. 43, 65, 70, 71, 90, 91, 92, 103.)[2] And Plaintiffs

---

[1] Plaintiffs also sued Timothy Foster, but Defendant Foster has not appeared and has not been properly served. Under Federal Rule of Civil Procedure 4, a plaintiff may serve an individual by personal service, leaving a copy at the individual's home, by delivery on an entity's registered agent, or as authorized under state law. Fed. R. Civ. P. 4(e). And a plaintiff must serve the defendant within ninety days of filing the complaint, or the presiding court can "dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). According to the proof of service form, a process server served the summons on Ann Williams, and not on Defendant Foster, at an address different from the one identified on the summons the Clerk of Court issued. (*See id.* at PageID 649–50.) And the process server filled out the portion of the form used when service is made on an entity's registered agent and not on an individual. (*Id.*) This is not an appropriate method of service under Rule 4, and more than ninety days have passed since Plaintiffs named Defendant Foster as a defendant in their Amended Complaint on July 31, 2024. *See* Fed. R. Civ. P. 4. (*See* ECF Nos. 1, 84.) And so, the Court could dismiss Defendant Foster without prejudice on these grounds. Instead, it will apply the following analysis on the pending motions to dismiss to his situation as well.

[2] Defendants Rallings, Brown, Haley, and City of Memphis moved to dismiss the Complaint. (ECF Nos. 43, 65, 70, 71.) Plaintiffs then amended the Complaint. (ECF No. 84.) And

1

oppose the motions. (ECF Nos. 76, 77, 78, 93, 94, 95, 96, 97, 98, 104.) For the reasons explained below, the Court **GRANTS** the motions and **DISMISSES** this action **WITH PREJUDICE**.

## BACKGROUND

Plaintiffs allege that they were returning a movie rental to a RedBox kiosk outside of Walgreens in Memphis, Tennessee, when two Memphis police officers approached them. (ECF No. 84 at PageID 576–77.) They asked if they had any knowledge about a possible shooting in the area, and Plaintiffs denied having information about it. (ECF No. 84 at PageID 577.) Plaintiffs then began driving out of the Walgreens parking lot when Officer Brown of the Memphis Police Department ("MPD") pulled them over. (ECF No. 84 at PageID 577.)

During the traffic stop, Plaintiffs began laughing, and Officer Brown made them get out of the vehicle. (ECF No. 84 at PageID 577.) Officer Brown then arrested both Plaintiffs, allegedly without explaining why she made the arrest. (ECF No. 84 at PageID 577–78.) In making the arrest, Officer Brown allegedly pulled Townes' arm and dislocated her shoulder in the process. (*Id*.) Plaintiffs also allege that Officers Pulliam, Collins, and Foster "were colleagues who knew about the incident and supported the behavior and furthered the discriminatory policies of the" MPD. (ECF No. 84 at PageID 576.) These officers, along with Officer Haley, allegedly witnessed Officer Brown's actions toward Plaintiffs and failed to intervene. (ECF No. 84 at PageID 582–83.)

---

Defendants Brown, Haley, Rallings, and the City of Memphis renewed their motions to dismiss, referring to their earlier motions. (ECF Nos. 90, 91, 92.) And then Defendants Pulliam and Collins moved to dismiss the Amended Complaint. (ECF No. 103.) For simplicity and because no party raised new arguments in the renewed motions to dismiss, the Court will refer to and cite the first motion to dismiss from each Defendant.

2

Plaintiffs now sue here, alleging race discrimination in a place of accommodation under 42 U.S.C. § 2000(a), racial profiling under 42 U.S.C. § 1981, intentional infliction of emotional distress, bystander liability, and a failure to intervene to prevent the allegedly discriminatory conduct. (ECF No. 84 at PageID 578–83.)

## LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face."[3] *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). And the ruling court must accept all factual allegations as true. *See id.* But it need not accept a plaintiff's legal conclusions or make unreasonable inferences in favor of a plaintiff. *See id; Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). What is more, when reviewing a motion to dismiss, the ruling court generally restricts its review to the face of the complaint. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). For all that, this review does not prevent the court from dismissing a claim when "the allegations in the complaint affirmatively show that the claim is time-barred." *Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024).

## ANALYSIS

Plaintiffs allege claims under 28 U.S.C. § 1981, Title II of the Civil Rights Act, and Tennessee law against Defendants based on police conduct at a traffic stop and during an arrest. (ECF No. 84.) Defendants now individually move to dismiss,[4] but they all make the same

---

[3] Plaintiffs assert that motions to dismiss apply a notice-pleading standard and that dismissal is appropriate only if there is "no[] set of facts" plaintiff could prove to prevail on his or her claims. (*See, e.g.*, ECF No. 104-1 at PageID 681.) But this is no longer the correct standard. Since the 2007 and 2009 cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must plead a "plausible" claim of relief.
[4] Defendants Haley and City joined Defendant Brown's motion to dismiss. (*See* ECF Nos. 70, 91 (Defendant Haley's motions to dismiss); ECF No. 71-1 at PageID 488 (Defendant City's

arguments for dismissal—that the § 1981 claims fail because that statute does not provide a cause of action, that the claims are time-barred, and that Plaintiffs fail to state a viable claim.[5] (ECF No. 65-1 at PageID 431–434; ECF No. 103-1 at PageID 661–65.) Defendants also argue the Title II claim is time-barred and that Plaintiffs have failed to plead a plausible cause of action. (ECF No. 65-1 at PageID 434–37; ECF No. 103-1 at PageID 665–67.) Defendants finally contend that the state-law claim for intentional infliction of emotional distress is time-barred. (ECF No. 65-1 at PageID 437; ECF No. 103-1 at PageID 670–71.) Defendant Rallings also asserts that the official-capacity claims against him are effectively claims against the City and that he is entitled to immunity on them, which allows the Court to dismiss him. (ECF No. 43-1 at PageID 358–60.) The Court first addresses the official capacity claims and then will discuss the other causes of action.

I.     **Official Capacity Claims**

Plaintiffs sued Defendant Mike Rallings "in his official capacity as the former Director of the Memphis Police Department" and Defendants Brown and Haley in their individual and

---

motion to dismiss).) And so, the Court will consider the arguments raised in Defendant Brown's motion (ECF No. 65) as raised by all three Defendants.

[5] Defendant Foster has not appeared in this action. And so he has not moved to dismiss the claims for being untimely. But of course, if the claim is time-barred against the other Defendants sued at the same time and in the same pleading, it is similarly time-barred against Defendant Foster. The Court may sua sponte dismiss a claim based on a statute of limitations when the "defect is obvious from the face of the complaint." *Bowman v. Fister*, No. 16-6642, 2017 U.S. App. LEXIS 27673, at *5 (6th Cir. Mar. 22, 2017) ("Sua sponte dismissals of a complaint are appropriate when a statute-of-limitations defect is obvious from the face of the complaint." (citing *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002)). *Cf. Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983) (explaining that a court must "notify all parties of its intent to dismiss the complaint" and "give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal."). Plaintiffs here amended their Complaint without addressing the limitations issue, and failed to address it in their briefs opposing these motions. As a result, the Court will apply the same limitations analysis below to the claims against Defendant Foster.

official capacities as former MPD officers.  (ECF No. 84 at PageID 573.)  But "[s]uch [official capacity] claims 'are, in all respects other than name, to be treated as a suit against the entity.'  When, as here, the entity is a named defendant, official capacity claims against individual sheriffs and police officers are 'redundant' and 'superfluous.'" *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 683 (W.D. Tenn. 2015) (citations omitted) (quoting *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014)).  Because Plaintiffs have sued the City of Memphis here, their official-capacity claims against Defendants Rallings, Brown, and Haley are now "redundant" and "superfluous" claims against the City.

In response, Plaintiffs argue that their claims against Defendant Rallings are not "superfluous" because they are based in negligent hiring or supervision and not on a theory of respondeat superior.  (ECF No. 98; *see also* ECF No. 48 (explaining that negligent hiring, training, supervision, and retention torts are "well established").)  But this argument misses the point that an official-capacity claim is treated under the law as a claim against the City, no matter the cause of action.  *See Epperson*, 140 F. Supp. 3d at 683.  Besides, for all that, Plaintiffs' Amended Complaint does not allege negligent hiring or supervision.  (*See* ECF No. 84.)

For these reasons, the Court thus **DISMISSES** the official-capacity claims.[6]

## II.     Claims under 42 U.S.C. §§ 1981 and 1983

Plaintiffs allege racial profiling, bystander liability, and a failure to intervene under 42 U.S.C. § 1981, which each Defendant argues is not a cause of action, is time-barred, and fails to state a claim.  (ECF No. 84 at PageID 579–83; ECF No. 65-1 at PageID 431–34; ECF No. 103-1

---

[6] Because Defendant Rallings was only sued in his official capacity, there are no surviving claims against him.  But when the Court addresses his alternative argument that the state-law cause of action is time-barred, the analysis for that argument applies equally to him.  (*See* ECF No. 43-1 at PageID 360.)

at PageID 661–65.)  The Court will address each argument after a discussion on what claims

Plaintiffs have presented.

### A. Interpreting the Amended Complaint

Before addressing the arguments, the Court will first clarify its understanding of the

pleadings.  Plaintiffs make confusing and contradictory statements about whether they intended

to bring § 1981 claims through § 1983 or whether they intended to bring § 1983 claims from the

start.  (*See, e.g.*, ECF No. 96 ("Plaintiffs' intended claim is a violation of 42 U.S.C. Section 1983

– racial profiling." (emphasis omitted)); ECF No. 104-1 at PageID 677 n.1 ("Plaintiffs[']

intended claim against Defendants has always been a § 1981 liability via 42 U.S.C. § 1983.").)

Because courts review a motion to dismiss on the face of the complaint, the Court will not focus

on Plaintiffs' conflicting positions in their briefs and will instead rely on the Amended

Complaint to determine what claims Plaintiffs have alleged.

Plaintiffs make these claims in the Amended Complaint.

> 46.   The above-described conduct violates 42 U.S.C. § 1981, which prohibits interference with the right to make and enforce contracts on account of race and implicitly prohibits racial profiling. At least part of motivation for the above-described conduct by Defendant City's employees and agents was the Plaintiffs' race.
>
> 47.   A[ll] persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981a.

(ECF No. 84 at PageID 580.)  Paragraph 46 claims that Defendants' conduct violates § 1981 and

then recites verbatim the language of 42 U.S.C. § 1981(b).  And Paragraph 47 quotes § 1981(a)

and includes no factual assertions.  And of course, Plaintiffs repeatedly cite § 1981 as the basis

6

for their claims and never refer to § 1983.  It thus appears to the Court that, at best, Plaintiffs intended to assert claims under § 1981 through § 1983.

But the Amended Complaint also claims Defendants Haley, Foster, Pulliam, and Collins violated the Fourth and Fourteenth Amendments, which is more consistent with a § 1983 claim. (ECF No. 84 at PageID 583.)  The Amended Complaint also repeats language relevant to § 1983 actions, such as "color of state law" and "rights, privileges, and immunities."  (ECF No. 84 at PageID 574–75, 583  *See* 42 U.S.C. § 1983 (creating liability for state-caused "deprivation of any rights, privileges, or immunities secured by the Constitution and laws"); *Hall v. Navarre*, 118 F.4th 749, 756 (6th Cir. 2024) ("Section 1983 authorizes an individual to bring suit against state and local officials who deprive the individual of a federal right under color of state law."). The Court is skeptical that this language is enough to raise a separate § 1983 claim, but it will interpret the Amended Complaint as having done so anyway.

The Court thus construes the Amended Complaint as attempting to assert § 1981 claims through § 1983 and separate § 1983 claims.  With this in mind, the Court now considers Defendants' arguments in support of dismissal as to each type of claim.

**B.      Section 1981 Claims**

      **1.      Statutory Cause of Action**

Defendants first move to dismiss Plaintiffs' § 1981 claims because that statute does not independently create a cause of action and only creates a right to relief when paired with § 1983. (ECF No. 65-1 at PageID 431–32; ECF No. 103-1 at PageID 661–62.)  The relationship between these two statutes is mechanical: § 1981 creates rights which a party can only enforce through § 1983.  *Inner City Contr., LLC v. Charter Twp. of Northville*, 87 F.4th 743, 754 (6th Cir. 2023) ("[Defendant] challenged [Plaintiff's] § 1981 claim on the basis that, against government

7

entities, § 1981 claims must be made through § 1983. That is correct. We have held that no independent cause of action against municipalities is created by § 1981(c)." (quotation marks omitted)); *Arendale v. City of Memphis*, 519 F.3d 587, 598–99 (6th Cir. 2008) ("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989))). This is true for official and individual capacity claims. *McCormick v. Miami Univ.*, 693 F.3d 654, 660 (6th Cir. 2012) (holding that § 1981 claims against a state actor, whether in an official or individual capacity, are barred).

In cases in which a party erroneously brings an action under § 1981 without invoking § 1983, courts in the Sixth Circuit have done different things. Some dismiss the action. *See McCormick v. Miami Univ.*, 693 F.3d 654, 660 (6th Cir. 2012) (affirming the dismissal of § 1981 claims against defendants in their individual capacities); *Arendale v. City of Memphis*, 519 F.3d 587, 598–99 (6th Cir. 2008) (noting that, under *Jett*, the Sixth Circuit had "no choice but to reject Plaintiff's § 1981 claims" and affirming summary judgment for the defendant). Others construe the claim as one under § 1983. *See Inner City Contr., LLC v. Charter Twp. of Northville*, 87 F.4th 743, 754 (6th Cir. 2023) (acknowledging that only § 1983 creates a cause of action and evaluating plaintiff's § 1981 claims "under the § 1983 framework"); *Bryant v. City of Memphis*, 644 F. App'x 381, 384 (6th Cir. 2016) ("The district court properly recast [plaintiff]'s complaint because 42 U.S.C. § 1983 is the exclusive vehicle by which plaintiffs may bring 42 U.S.C. § 1981 claims against state governmental units.").

Given the options available, the Court is inclined to grant the motions to dismiss because Plaintiffs wrongly brought their claims under § 1981. But that is not all. Once they knew that such mistake was the grounds for dismissal, they had an opportunity to address it when they

8

amended their complaint.  (*See* ECF Nos. 1, 7, 84 (original and amended complaints); ECF Nos. 65, 103 (motions to dismiss).)  But they did not do so.  (*See* ECF No. 84.)  Instead, the Amended Complaint kept citing § 1981.  (ECF No. 84 at PageID 573–74, 576, 579–80, 584.)  Because § 1981 does not create a separate cause of action, the Court finds that dismissal of Plaintiffs' "claims" under § 1981 is thus appropriate here.  Even still, the Court will next address whether Plaintiffs sufficiently pleaded a claim under § 1981.

### 2. Failure to State a Claim

Defendants contend that Plaintiffs failed to allege facts supporting a § 1981 claim.  (ECF No. 65-1 at PageID 433–34; ECF No. 103-1 at PageID 663–64.)  To prevail under § 1981, a plaintiff must show he or she (1) "possess[ed] some contractual right that the defendant blocked or impaired" and (2) "that racial discrimination drove the decision to interfere with these contractual rights." *Turner v. Federal Express Corp.*, No. 2:20-cv-02271-JTF, 2022 WL 4082476, at *3 (W.D. Tenn. Sept. 6, 2022) (quoting *Williams v. Richland Cnty. Children Servs.*, 489 F. App'x 848, 851 (6th Cir. 2012)).  To show discrimination caused the interference, a plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020). Plaintiffs here have not alleged facts supporting either element.

First, Plaintiffs have not alleged any contractual rights affected by the encounter with the officers here.  For example, they have not claimed any contract with RedBox or Walgreens or that Defendants somehow interfered with that contract by pulling them over and arresting them near the Walgreens.  (*See* ECF No. 84.)  Second, they have alleged no facts supporting any

9

inference of racial animus, such as discriminatory remarks. (*See id.*) And they have not alleged that such animus was a but-for cause of the interference. (*See id.*)

For these reasons, the Court **GRANTS** Defendants' motions to dismiss the § 1981 claims for failing to invoke § 1983 and for failing to state a plausible claim to relief. The Court next turns to § 1983 claims.

C.     **Section 1983 Claims**

Defendants assert that any § 1983 claim is time-barred by the one-year statute of limitations.[7] (ECF No. 65-1 at PageID 432–33; ECF No. 103-1 at PageID 662–63.) Plaintiffs never counter these arguments. (ECF Nos. 96, 98, 104-1.) Plaintiffs do not dispute that the proper limitations period is one year. They do not contest when the claim accrued or even identify what statute of limitations applies. (ECF Nos. 96, 98, 104-1.) "Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe*, 112 F.4th at 364 (citation omitted).

---

[7] Defendants Pulliam's and Collins' argument that these claims (and the Title II and state-law claims) are time-barred is slightly different from the argument the other Defendants assert. (ECF No. 103 at PageID 654–55.) Pulliam and Collins emphasize that they were not added to the case until the Second Amended Complaint in July 2024. As they put it, the original "Complaint filed on October 24, 2023, was untimely" but that, "even if it had been timely filed, Plaintiff[s'] Second Amended Complaint, which added Officers Pulliam and Collins as Defendants was not filed until July 31, 2024," and is even more untimely. (ECF No. 103-1 at PageID 668.) Plaintiffs counter that the claims are not barred because they relate back to the original Complaint, but their argument is conclusory. Plaintiffs assert Defendants Pulliam and Collins "had fair notice of the claims against them" "because the City of Memphis was named as a defendant in this case." (ECF No. 104-1 at PageID 686.) Even if the Court were to accept Plaintiffs' claim as accurate, while notice is relevant, it is not the whole analysis. *See* Fed. R. Civ. P. 15(c). Sixth Circuit "precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement" for the relation-back doctrine. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Thus, the claims do not relate back in this case, but, even if they did, they would still be time-barred, which the Court discusses in this section.

10

Section 1983 borrows the limitations period from state law. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015). The Sixth Circuit in *McCormick* explained that,

> [w]here a federal statute provides a cause of action but does not specify a limitations period, courts determine the appropriate statute of limitations in one of two ways. First, if the federal cause of action arises under an Act of Congress enacted after December 1, 1990, it is governed by 28 U.S.C. § 1658, which prescribes a four-year statute of limitations period. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). Alternatively, courts borrow the most analogous state limitations period, so long as the application of state law is not "at odds with the purpose or operation of federal substantive law." *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34, 115 S. Ct. 1927, 132 L. Ed. 2d 27 (1995) (internal quotation marks and citations omitted).

*McCormick*, 693 F.3d at 662. When a cause of action accrues, however, is a question of federal law. *Id.* And under federal law, a cause of action accrues, and the limitations period begins to run, "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.*; *see also Thomas v. Tennessee*, 451 F. Supp. 3d 849, 860 (W.D. Tenn. 2020) (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)).

Section 1983 was enacted before 1990 and thus looks to the "most analogous state limitations period." *McCormick*, 693 F.3d at 662. And "[u]nder Tennessee law, 'civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes' must commence 'within one (1) year after the cause of action accrued.'"[8] *Johnson*, 777 F.3d at

---

[8] When plaintiffs seek injunctive relief under § 1983, the Sixth Circuit also recognizes a one-year limitations period for those claims. *Cox v. Shelby State Cmty. Coll.*, 48 F. App'x 500, 507 (6th Cir. 2002) ("[T]he best interpretation of our precedent directs us to apply the [one-year] personal injury statute of limitations period set forth in § 28-3-104(a)(1) to [plaintiff's] claims for injunctive relief.")

11

843 (quoting Tenn. Code Ann. § 28-3-104(a)[9]). Thus, Plaintiffs' § 1983 claims here are subject to a one-year statute of limitation.

Plaintiffs allegations relate to an encounter with MPD officers "on or about February 21, 2021," when they were arrested. (ECF No. 84 at PageID 576.) As the subjects of the arrests, Plaintiffs "kn[ew] or ha[d] reason to know of the injury which is the basis of [their] action" on that date, triggering the start of the limitations period. *Johnson*, 777 F.3d at 843; *see also Fox*, 489 F.3d at 233. And so, the one-year statute of limitations period expired on February 21, 2022. *See* Tenn. Code Ann. § 28-3-104(a). But Plaintiffs waited to file the original Complaint until October 24, 2023, which is about 18 months after the limitations period ran out. (ECF No. 1.) Thus, the Court **DISMISSES** Plaintiffs' § 1983 claims as time-barred.

### III. Race Discrimination under 42 U.S.C. § 2000(a)

Plaintiffs allege race discrimination under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a). (ECF No. 84 at PageID 578–79.) Title II states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000(a). Defendants argue that any Title II claim is also time-barred and that Plaintiffs have not alleged a

---

[9] Tennessee's personal tort action statute of limitations has two separate provisions that may apply to § 1983 claims. Section 28-3-104(a)(1)(A) covers personal injury torts generally, but subsection (B) applies to claims "brought under the federal civil rights statutes." The Sixth Circuit has relied on both subsections before, making it difficult to know which is the correct one to apply. *See Dibrell v. City of Knoxville*, 984 F.3d 1156, 1161 (acknowledging cases that have applied the personal injury and civil rights subsections). But in any case, the Court need not, and will not, decide which is appropriate here because each provides for a one-year limitations period and leads to the same result. *See id.* (not deciding which subsection is correct because both set a one-year limitations period).

12

plausible claim for relief.  (ECF No. 65-1 at PageID 435–37; ECF No. 103-1 at PageID 665–67.)  The Court now addresses each argument.

     A.       **Time-Barred**

Like the § 1983 claims, Defendants argue that Plaintiffs' Title II claims are barred under the one-year statute of limitations.  (ECF No. 65-1 at PageID 435–36; ECF No. 103-1 at PageID 665–66.)  And, just as with the § 1983 claims, Plaintiffs do not challenge when this claim accrued, they do not argue that a different limitations period applies, nor do they suggest grounds to toll the limitations period.  (ECF Nos. 96, 98, 104-1.)  In fact, Plaintiffs never mention the issue.  (ECF Nos. 96, 98, 104-1.)

Title II does not have its own statute of limitations, so the state limitations period applies instead.[10]  *See McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012).  The Sixth Circuit has not yet clarified which state statute's limitations period applies to Title II claims.  But it has applied the Tennessee personal injury statute of limitations to claims under Title VI of the Civil Rights Act.  *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (collecting out-of-circuit cases to explain its reasoning).  And it has applied the § 1983 limitations period[11] to claims under Section 504 of the Rehabilitation Act because "both statutes 'are civil rights acts that protect persons in the United States from tortlike injuries.'"  *McCormick*, 693 F.3d at 662 (quoting *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 254 (6th Cir. 1994) (Kentucky)) (Ohio).  Additionally, a district court in Kentucky "conclude[d], based on case law applying

---

[10] Congress enacted Title II of the Civil Rights Act in 1964, so the Court looks to Tennessee's "most analogous" limitations period.

[11] As noted above, the statute of limitations for § 1983 claims is one year.  *Dibrell*, 984 F.3d at 1161.  Some cases arrive at that period by reference to the general personal injury limitations period, but others apply the civil rights catch-all subsection.  *See id.*  In the end, because the result is the same under either, it does not matter which the Court believes applies here.  *See id.*

similar reasoning, that Kentucky's one-year statute of limitations for personal injury actions also applie[d]" to the plaintiff's Title II claims. *Alja-Iz v. Ramsey*, No. 3:14-cv-618-DJH, 2017 WL 6485803, at *8 (W.D. Ky. Sept. 13, 2017).

The Court finds these precedents persuasive. So the Court applies Tennessee's one-year limitations period in Tenn. Code Ann. § 28-3-104(a) to Title II claims. The Title II claims here arise from the same facts as the other claims above and Title II claims are like claims from the other titles within the Civil Rights Act to which the Sixth Circuit has applied the personal injury limitations period. *See Lillard*, 76 F.3d at 729 (applying Tennessee's personal injury statute to Title VI of the Civil Rights Act); Tenn. Code Ann. § 28-3-104(a)(1)(A). And as civil rights claims, they are also analogous to § 1983 claims, to which the Sixth Circuit has applied both the civil rights and personal injury limitations periods. *See Dibrell*, 984 F.3d at 1161 (acknowledging cases that have applied the personal injury and civil rights statutes to § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(A)–(B). In either case, Tenn. Code Ann. 28-3-104(a) bars claims begun over one year after the claim accrues.

The alleged discrimination here is based on an interaction Plaintiffs had with MPD officers "on or about February 21, 2021." (ECF No. 84 at PageID 576.) And, under the one-year statute of limitations, Plaintiffs had until February 21, 2022, to bring their claims. But they did not file the original Complaint until October 24, 2023, so the claim is time-barred. (*See* ECF No. 1.) The Court therefore **DISMISSES** Plaintiffs' Title II claims as time-barred. And yet the Court will next consider Defendants' second argument that Plaintiffs have failed to plead a prima facie case under Title II.

### B.     Failure to State a Claim

Even if the Plaintiffs had timely sued, Defendants argue that dismissal would be proper for failing to allege a plausible claim to relief.  (ECF No. 65-1 at PageID 436–37; ECF No. 103-1 at PageID 666–67.)  *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 678–79.  The Sixth Circuit has not resolved exactly what the elements of a Title II discrimination claim are, but district courts within the Sixth Circuit approach such claims under the same analysis applied to § 1981 or Title VII claims.  *Willock v. Hilton Domestic Operating Co.*, 474 F. Supp. 3d 938, 953 (M.D. Tenn. 2020) (agreeing that, "given the shared commercial nature of the relevant relationships, the prima facie case employed in the § 1981 setting can be adopted with regard to § 2000a"); *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 605–06 (S.D. Ohio 2016) (holding "that a Title VII-inspired evaluation is appropriate"); *Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011) (explaining that a plaintiff "must satisfy the traditional *McDonnell Douglas* burden shifting analysis").  With this in mind, to make a claim for Title II, a plaintiff must

> show that he or she (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class.

*Willock*, 474 F. Supp. 3d at 953.

Plaintiffs here have alleged that they are African American women and therefore belong to a protected racial class.  (ECF No. 84 at PageID 575.)  42 U.S.C. § 2000(a) (prohibiting "discrimination or segregation on the ground of race").  They have also alleged that they tried to enjoy RedBox, the Walgreens parking lot, and city roads as places of "public accommodation" but that they were denied those benefits and enjoyment when Defendants arrested them.  (*See* ECF No. 84 at PageID 578–79.)

But they have not shown that they were treated less favorably than similarly situated white persons. The mere allegation that "white individuals were allowed to go retrieve a movie and laugh" without being pulled over and arrested is conclusory. This is especially true if no white individuals were in the area at the time of the incident.[12] (ECF No. 84 at PageID 579.) *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (quotation marks and citation omitted)). And Plaintiffs have not alleged that they confronted "objectively discriminatory" hostility. *See Fall*, 161 F. Supp. 3d at 606–07 (applying a modified employment discrimination test to § 1981 claims). In fact, the allegations include no facts from which the Court could even infer racial animus. (*See* ECF No. 84 at PageID 579.) They do not identify any discriminatory comments or racial remarks by any of the officers involved in the traffic stop, arrest, or processing. (*Id.*) And without such allegations, or allegations that other white people outside Walgreens on that day were not contacted and arrested by police, Plaintiffs' belief that these events had a racial motive are conclusory. As a result, Plaintiffs have failed to allege enough facts to assert a claim of racial discrimination under Title II of the Civil Rights Act. This provides a second reason, along with the untimeliness of the suit, to **GRANT** Defendants' motion to dismiss these claims.

---

[12] The Court acknowledges that identifying a similarly situated comparator in a Title II case is likely less stringent than identifying one in an employment discrimination or § 1981 case. *See Fall*, 161 F. Supp. 3d at 606–07 (applying a modified test for § 1981 claims that the Sixth Circuit used in *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 870–72 (6th Cir. 2001)). This is because discrimination in use of public accommodations is likelier to be an isolated event rather than the pervasive discrimination proven in employment contexts. *See id.* That said, the Court still thinks it is appropriate here to require Plaintiffs to identify a white comparator who was present at the Walgreens or using RedBox on the same day and around the same time as Plaintiffs because the police were in the area investigating a shooting when Plaintiffs were arrested. (*See* ECF No. 84 at PageID 577.) These circumstances, therefore, are not similar to a white individual at Walgreens or using the RedBox on any other day or at any other time.

**IV.     State-Law Emotional Distress Claims**

Finally, Plaintiffs rely on supplemental jurisdiction under 28 U.S.C. § 1367(a) to allege intentional infliction of emotional distress. (ECF No. 84 at PageID 582.) The Court, of course, applies Tennessee law to these claims. *Chandler v. Specialty Tires of Am.*, 283 F.3d 818, 823 (6th Cir. 2002) ("A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."). All Defendants move to dismiss, arguing the claims are time-barred. (ECF No. 43-1 at PageID 360; ECF No. 65-1 at PageID 437; ECF No. 103-1 at PageID 670–71.) And as before, Plaintiffs never addressed the timeliness argument in their responses to the renewed motions to dismiss.[13] (ECF Nos. 96, 98.)

In Tennessee, "intentional infliction of emotional distress is a personal injury tort, governed by the general one-year statute of limitations." *Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn. 2004) (citing Tenn. Code Ann. § 28-3-104). Defendants allegedly inflicted emotional distress on Plaintiffs during the February 21, 2021 police encounter and arrest, but, as noted above, they did not file suit until over two and a half years later on October 24, 2023. The claim is thus time-barred, and the Court **GRANTS** Defendants' motions to dismiss the claims for intentional infliction of emotional distress.

---

[13] Plaintiffs' briefs in opposition to the original motions to dismiss state that Defendants' actions "were so egregious that Plaintiffs are entitled to justice and compensation regardless of any statute of limitation." (ECF No. 76-1 at PageID 518; ECF No. 77-1 at PageID 533; ECF No. 78-1 at PageID 551; *see also* ECF No. 104-1 at PageID 687.) But they provide no analysis or legal support as to the egregiousness of Defendants' conduct, why egregiousness is relevant to the statute of limitations, and how the Court can ignore a statute barring suit on the claim. Plaintiffs' wishful thinking is not enough to rescue these claims from their untimeliness.

17

## CONCLUSION

For the reasons above, the Court **GRANTS** each Defendants' motion and **DISMISSES** the case **WITH PREJUDICE**.

**SO ORDERED**, this 28th day of January, 2025.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE

Case 2:23-cv-02672-TLP-cgc   Document 114   Filed 01/28/25   Page 18 of 18
                                    PageID 732